UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LaVERNE REECE,<br><br>                    Plaintiff,<br><br>        -against-<br><br>ALVIN J. THOMAS, ESQUIRE, ATTORNEY AT LAW,<br><br>                    Defendant. | 21-CV-7831 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking federal question jurisdiction and alleging that Defendant committed mortgage and bank fraud. By order dated November 18, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Alvin J. Thomas, whom she identifies as an attorney she hired to manage her rental income and mortgage payments. Plaintiff asserts that Defendant has defrauded her for the past 20 years, and she seeks restitution. Shortly after filing the complaint, Plaintiff submitted to the court an additional statement of facts. The Court will treat the complaint and the supplemental filing (ECF 2, 4) together as the operative complaint for this action.

The following information is taken from the operative complaint. Plaintiff, who is a "senior citizen with limited mobility," is the owner of a property located in Mount Vernon, New York. (ECF 4, at 1.) In the early part of 2000, she hired Thomas to collect rent from the tenant of the property and to pay the mortgage on the property. Thomas told her he would "take care of

business," but for the past twenty years "has maintained very little to no communication" with Plaintiff. Nevertheless, she "continued to believe he was trustworthy and that everything was on 'autopilot.'" (*Id.*)

Recently, however, Rushmore Loan Management, a mortgage servicer that she did not recognize, called Plaintiff and informed her that her mortgage had been delinquent for the past 19 months. Plaintiff called Thomas to "ask him about this truancy," but her phone calls went unanswered. (*Id.*) She went to the property and spoke to the tenant, and the tenant assured her that she was current on the rental payments. Plaintiff then contacted the Westchester County Clerk's Office and "discovered that [she] had been the victim of mortgage/bank fraud." (*Id.*) Over the years, "multiple fraudulent mortgages" had been taken out in Plaintiff's name with "forged signatures," and with Thomas notarizing some of the documents. (ECF 2, at 5; ECF 4, at 1.) It appeared that Thomas had obtained these "fraudulent mortgages" "to extract the maximum available equity from [Plaintiff's] house" and then used the proceeds "for his own personal gains." (ECF 4, at 1.) Thomas was able to commit these "nefarious deeds" by diverting all correspondence pertaining to the mortgages to his business address, which is listed on Plaintiff's credit reports as belonging to her. (*Id.*) Thomas "has betrayed his oath of office, [Plaintiff's] trust in him, and essentially preyed on [Plaintiff] because [she] was not aware of what was going on with [her] property." (*Id.*) Plaintiff has tried to reach Thomas without success.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" between the plaintiff and the defendant and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."

3

*Arbaugh v. Y&H Cor*p., 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). If a court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P 12(h)(3).

## A.    Federal question jurisdiction

To provide a basis for federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's complaint does not set forth any federal claims or otherwise assert a basis for federal question jurisdiction. Plaintiff asserts claims of mortgage and bank fraud, which arise under state law. As Plaintiff's allegations do not arise under the Constitution or any federal statute, federal question jurisdiction does not apply.[1]

---

[1] Plaintiff alleges that she is a senior citizen with mobility issues. To the extent she seeks to assert a claim for elder abuse, this would not confer federal question jurisdiction over this action. *See Gilbert v. Gilbert*, No. 02-CV-3728, 2003 WL 22790940, at *2 (S.D.N.Y. Nov. 25, 2003) ("[N]either federal nor New York law recognizes a cause of action for 'elder abuse.'"); *see also Atkins v. Bohrer*, No. 11-CV-4939, 2011 WL 6779311, at *6 (S.D.N.Y. Dec. 23, 2011) (citing *Gilbert*); *Carvel v. Ross,* No. 09-CV-0722, 2011 WL 856283, at *11 (S.D.N.Y. Feb. 16, 2011) (citing *Gilbert*), *report and recommendation adopted*, 2011 WL 867568 (S.D.N.Y. Mar. 11, 2011).

### B. Diversity jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction to consider this action. To establish jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges that she resides in Scarsdale, New York, and she asserts that Thomas is a citizen of New York. Because Plaintiff alleges that both she and Thomas are citizens of the same state, diversity does not exist between the parties, precluding diversity jurisdiction.

As Plaintiff has failed to allege facts showing that the Court has either federal question or diversity jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

### C. Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's allegations show that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to terminate all other pending matters in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated:   November 29, 2021
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge